**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

CENTER FOR BIOLOGICAL DIVERSITY,

Plaintiff,

v.

NATIONAL MARINE FISHERIES SERVICE, HOWARD LUTNICK, in his official capacity as Secretary of Commerce, SAMUEL D. RAUCH, III, in his official capacity as Deputy Assistant Administrator for Regulatory Programs, National Marine Fisheries Service, and JON KURLAND, in his official capacity as Alaska Regional Administrator, National Marine Fisheries Service,

Federal Defendants

and

AT-SEA PROCESSORS ASSOCIATION, UNITED CATCHER BOATS, MIDWATER TRAWLERS COOPERATIVE, and CITY OF UNALASKA

Defendant-Intervenors.

3:26-cv-00154-ACP

**ORDER GRANTING EXTENSION OF SUMMARY JUDGMENT BRIEFING SCHEDULE**
[Dkt. 34]

Federal Defendants ask for additional time to file their response to Plaintiff's Motion for Summary Judgment. (Dkt. 34) That request is **GRANTED** as explained below. Defendants' response will be due four weeks from the resolution of Plaintiff's Motion to Admit Extra-Record Evidence. (Dkt. 26)

Plaintiff Center for Biological Diversity challenges Federal Defendants' management of the Bering Sea and Aleutian Islands pollock fishery. (Dkt. 1) CBD argues that the National Marine Fisheries Service failed to properly consider pollock's importance to northern fur seals when they issued the current Harvest Specifications for the fishery. (Dkt. 1 at 26-30)

Pursuant to the Joint Case Management Plan, (Dkt. 14) CBD filed its Motion for Summary Judgment on August 31, 2026. (Dkt. 25) They concurrently filed a Motion to Admit Declaration of Lowell W. Fritz as Extra-Record Evidence (Dkt. 26). Several weeks later, NMFS filed a Motion to Stay pending a ruling on the declaration's admissibility. (Dkt. 34) The Court granted expedited consideration of this request. (Dkt. 36)

As a challenge to an agency action, this lawsuit proceeds under the Administrative Procedure Act (APA). 5 U.S.C. § 702. Judicial review of agency action under section 706(2) of the APA is generally based on the administrative record, *Camp v. Pitts*, 411 U.S. 138, 141–142 (1973), though a court may admit extra-record evidence in certain "limited circumstances." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). This is because "[t]he task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). Thus, when alleging a violation of the APA, the parties make arguments based on the record. If a court admits additional evidence, then the arguments will change accordingly.

Given the parameters of APA litigation, there is good cause to extend NMFS's filing deadline while the Court decides the admissibility of Fritz's declaration. Fed. R. Civ. P. 6(b)(1); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010).

CBD is not prejudiced by a modest extension to the summary judgment motions practice. The Court appreciates that "[a] prompt resolution is particularly important in this case where the pollock harvest specifications at issue are for the 2026-2027 fishing seasons," but the immediate nature of this concern is undermined by CBD's assertion that "NMFS has for years authorized the pollock trawl fishery without adequately analyzing or mitigating the risk to fur seals." (Dkt. 37 at 3) Given the extended time frame of CBD's alleged harm, a brief delay in the resolution of this case would not seem to appreciably prejudice CBD's interests. And it is not necessarily the case that granting NMFS more time for their opposition will delay the ultimate disposition of this suit; regardless of the procedural timing, the Court will still need to decide this evidentiary issue to reach its final judgment. Moreover, CBD could have brought Fritz's declaration to the Court's attention prior to filing its summary judgment motion. CBD's decision not to do so gave rise to the request it now opposes.

In contrast, NMFS would be prejudiced if forced to brief the summary judgment motion on an uncertain record. Such briefing would require the agency to spend effort addressing documents that the Court may not ultimately consider. And although CBD asserts that this prejudice would not be significant because they only cite the declaration "a handful of times" in their brief, it is the purpose of those citations that matters. (Dkt. 37

at 5) To conclude that more time is not warranted because the declaration only synthesizes complex science would prejudge the issue underlying this order. Given the basic tenet that APA cases are litigated based on the record, *Fla. Power & Light Co.*, 470 U.S. at 743-44, it prejudices NMFS to expand the scope of summary judgment briefing and make the agency "address the extra-record declaration conditionally in their summary judgment opposition." (Dkt. 37 at 5)

Finally, resolving the evidentiary dispute promotes the orderly disposition of this case. Establishing the scope of the record before the parties complete summary judgment briefing should streamline this APA litigation. With the benefit of a final evidentiary ruling, the parties will not need to make "conditional" arguments in the opposition and reply. And although the "full context" of the parties' arguments on summary judgment might potentially help establish whether extra-record evidence is necessary, *Nw. Env't Advocs. v. United States Nat'l Marine Fisheries Serv.*, 2025 WL 472332, at *4 (D. Or. Feb. 11, 2025), that does not make it appropriate in every instance. The Court trusts the parties to adequately brief the declaration's relation to the record without the "full context" dispositive motions practice.

Good cause exists to grant Defendants additional time for their summary judgment opposition. That opposition will be due four weeks from the Court's ruling on CBD's Motion to Admit Extra-Record Evidence. (Dkt. 26)

IT IS SO ORDERED.

DATED October 7, 2026, at Anchorage, Alaska.

/s/Aaron Christian Peterson
Aaron Christian Peterson
United States District Judge